NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2493
_____

KANTILAL MAGANLAL PATEL,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A 070-650-844)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 29, 2026
_____

Before: SHWARTZ, PHIPPS, and RENDELL, Circuit Judges.

(Filed: July 29, 2026)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

Kantilal Maganlal Patel petitions for review of a decision of the Board of

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Immigration Appeals ("BIA") denying his motion to reopen his case sua sponte. For the following reasons, we will grant the petition and remand.

I

Patel is an eighty-seven-year-old native and citizen of India who entered the United States with a temporary visa in 1991. He remained here after his visa expired and was ordered removed and granted voluntary departure in 1998. Patel did not depart and remained in the country with his wife, siblings, children, and grandchildren. One of his children became a naturalized United States citizen and petitioned to adjust Patel's immigration status under 8 U.S.C. § 1151(b). The petition was approved in 2019.

In 2021, Patel moved to reopen his removal proceedings, which the Government did not oppose. Patel conceded his motion was untimely, but argued that the Immigration Judge ("IJ") should nonetheless sua sponte reopen his case because he: (1) had no criminal history, (2) suffered from asthma, memory loss, and depression, (3) would face medical hardship if returned to India due to the country's poor air quality and medical care, and (4) had no family in India who could care for or support him. He also argued his family would suffer hardship if he were removed because they are "devoted to him." AR 58.

The IJ denied Patel's motion, finding no "exceptional circumstances" warranted reopening his case because his "family equities in [the United States]" and "his advanced

2

age" were "unfortunately . . . commonplace circumstances," and unlike other "recognized exceptional examples" where cases were reopened. AR 32-33.

Patel sought review by the BIA, which the Government again did not oppose. The BIA affirmed the IJ's decision, reasoning that Patel's "becoming potentially eligible for relief from removal after a final administrative order is common, and generally does not constitute an exceptional circumstance warranting consideration of an untimely motion." AR 3-4. The BIA stated that "to the extent [Patel] is seeking reopening in light of certain equities, including his advanced age and hardship, we do not have the authority to grant relief solely on equitable or humanitarian grounds." AR 4.

Patel petitions for review.

## II

"[W]e typically cannot review a BIA decision to deny sua sponte reopening." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011); see also Darby v. Att'y Gen., 1 F.4th 151, 164 (3d Cir. 2021) ("Because orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable, we generally lack jurisdiction to review the BIA's decision on sua sponte reopening." (citation and internal quotation marks omitted)). We do, however, have jurisdiction to review sua sponte reopening orders if the BIA either (1) "relies on an incorrect legal premise," or (2) "has limited its discretion via a policy, rule, settled course of adjudication, or by some other

method, such that the BIA's discretion can be meaningfully reviewed for abuse." Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651, 653 (3d Cir. 2017) (citation omitted).

In his motion to stay, Patel argued, among other things, that the BIA relied on an incorrect legal premise. Since he did not raise that argument in his merits brief,[1] it has been forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). That said, on occasion we may forgive a forfeiture to "reach a pure question of law . . . where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (citations and internal quotation marks omitted).[2] Put differently, forgiving a forfeiture is relatively rare as we will not reach a forfeited issue unless presented with "exceptional circumstances" such as "*when the public interest requires that the issue be heard or when a manifest injustice would result.*" Id. (emphasis added) (citation omitted).

Because the BIA committed clear legal error—and ignoring that error would lead to a miscarriage of justice if we allowed the BIA to repeat the legal error it committed in

---

[1] In his merits brief, Patel relies on the "settled course exception," which requires us to "ensure that the BIA has not incorrectly denied reopening to a[] [noncitizen] who would ordinarily be entitled to it under the regular course of action." Sang Goo Park, 846 F.3d at 653. We have examined the cases he cites and the only thing that is common among them is that they are very fact specific and there is not a common factual thread that could be said to show a settled course of adjudication and, in any event, they are distinguishable from Patel's situation.

[2] The Dissent suggests that "neglecting the party-presentation rule here does result in unfair surprise." Dissent at 1. We disagree because Patel raised this issue in his motion to stay, and the Government was afforded an opportunity to respond.

the past or affect a matter of public importance—we will forgive the forfeiture and address the issue. In denying Patel's appeal, the BIA held "to the extent [Patel] is seeking reopening in light of certain equities, including his advanced age and hardship, we do not have the authority to grant relief solely on equitable or humanitarian grounds." AR 4. This is wrong, and we have said so before.[3] See Nkomo v. Att'y Gen., 986 F.3d 268, 273 (3d Cir. 2021) ("The BIA's suggestion that it does not have the authority to make decisions on equitable grounds is perplexing."). Because the BIA in fact has the authority to grant such relief to an eligible applicant, the BIA misunderstood its authority. As a result, we cannot determine whether it would have granted Patel relief had it understood its authority to do so. See Pllumi, 642 F.3d at 162-63 (remanding "[g]iven the possibility that the BIA mistakenly thought it did not have the authority" to consider petitioner's health concerns). Had the BIA understood that it could address Patel's claim, it would presumably have considered, among other things, his advanced age, his health issues, his family ties to the U.S., and his thirty productive years working in the U.S. where he raised his U.S. citizen children and grandchildren.

Furthermore, we must correct the BIA's misunderstanding of its authority to avoid a risk that it will commit the same error in the future and fail to exercise its authority to examine whether other applicants are eligible for relief. Addressing this issue promotes accuracy concerning the BIA's authority and advances judicial efficiency. See United States v. Rutherford, 120 F.4th 360, 374 (3d Cir. 2024) (resolving a legal question that is

_____

[3] Indeed, the BIA here relied upon the same case as it did in Nkomo, Matter of Medina, 19 I. & N. Dec. 734, 742 (BIA 1988), to reach this flawed conclusion.

5

one of public importance serves judicial efficiency and promotes uniformity), aff'd, No. 24–820, 2026 WL 1485535 (U.S. May 28, 2026).

Therefore, we forgive the forfeiture, address the issue, and hold that the BIA erred in its recitation of its authority.[4] Accordingly, we will grant the petition and remand for further proceedings.

III

For the foregoing reasons, we will grant the petition for review and remand.

---

[4] We express no view as to whether Patel is eligible for or entitled to relief before the BIA.

6

*Patel v. Attorney General*, No. 25-2493
PHIPPS, *Circuit Judge*, dissenting.

The Majority Opinion deviates from the party-presentation rule by deciding this case in favor of the petitioner based on an argument that he did not develop, and it does so without affording the respondent an opportunity to be heard on the unraised issue. It is true that the party-presentation rule is "supple, not ironclad," *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020), and that precedent recognizes exceptions for pure questions of law that result in a "miscarriage of justice" or that require resolution as a matter of public importance, *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147–48 (3d Cir. 2017) (quoting *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)). But that same precedent analyzed "prudential concerns underlying the forfeiture doctrine," and concluded that there would be no unfair surprise there because "the parties discussed the matter at oral argument and subsequently provided supplemental briefing on it." *Id.* at 148. In this case, however, this issue was not raised by the petitioner in his merits briefing, there was no oral argument, nor was respondent afforded an opportunity for supplemental briefing, so neglecting the party-presentation rule here does result in unfair surprise.

There is also a substantive problem. Neither exception to the party-presentation rule for pure questions of law is actually satisfied. The Majority Opinion overrides the party-presentation rule because "ignoring th[e BIA's] error *would lead to* a miscarriage of justice if we allowed the BIA to repeat the legal error it committed in the past." Maj. Op. at 4–5 (emphasis added). But the exceptions to party presentation are narrow and require either a miscarriage of justice, which involves a multifactor analysis not conducted here,[1] or a

---

[1] *See, e.g.*, *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) (articulating six factors for evaluating a miscarriage of justice in the context of enforcing an appellate waiver by a criminal defendant (quoting *United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001))).

1

resolution of a matter of public importance.  And the correction of an agency decision that is not necessarily outcome-determinative, even if repeated one time, does not meet either exception for excusing party presentation.

For these reasons, I respectfully dissent.